**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANACLETO C. BALDUEZA,
              Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
              Agency.

DOCKET NUMBER
SF-0831-14-0141-I-1

DATE: August 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Fe M. Peregrino</u>, Acala, Pangasinan, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying his application for a retirement annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant began his employment with the Navy's Subic Bay Naval Ship Repair Facility in the Philippines in 1961. Initial Appeal File (IAF), Tab 1 at 5, 7. He was given an excepted appointment, effective December 27, 1965, to the position of Machinist (Marine) (Limited), which was not to exceed December 26, 1966. IAF, Tab 5 at 17. The appellant had continuous service with the Navy from 1961 until his retirement from the position of Marine Machinery Mechanic Foreman II, effective May 20, 1992. IAF, Tab 1 at 6-7, Tab 5 at 16; Petition for Review (PFR) File, Tab 1 at 18.

¶3    The appellant applied for a Civil Service Retirement System (CSRS) deferred annuity on April 15, 2013. IAF, Tab 5 at 12-15. OPM issued a reconsideration decision, dated August 5, 2013, finding the appellant ineligible for a retirement annuity under CSRS. IAF, Tab 5 at 10. OPM informed the

appellant of his Board appeal rights. *Id.* He filed an appeal.[2] IAF, Tab 1 at 2-3. Because the appellant did not request a hearing, the administrative judge issued an order closing the record on March 6, 2014. IAF, Tab 6 at 3. After providing the parties with the opportunity to provide evidence and argument regarding the appellant's claim, the administrative judge issued an initial decision finding that the appellant never occupied a position covered by the Civil Service Retirement Act (CSRA). ID at 4.

¶4　　　The appellant has filed a timely petition for review. PFR File, Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

The appellant's positions were not covered under the CSRA.

¶5　　　The appellant bears the burden of proving his entitlement to an annuity by preponderant evidence. *Fredeluces v. Office of Personnel Management*, 57 M.S.P.R. 598, 601, *aff'd*, 16 F.3d 421 (Fed. Cir. 1993) (Table). Two types of federal service are pertinent to determine whether an individual is entitled to a retirement annuity under the CSRA, "creditable service" and "covered service." *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). Almost all federal service is creditable service. *Id.* Covered service is more limited in scope, referring to federal employees who are "subject to" the CSRA, i.e., employees who must deposit part of their basic pay into the Civil Service Retirement and Disability Fund. *Id.* To qualify for a civil service retirement annuity, an employee must complete at least 5 years of creditable civilian service and must have served at

---

[2] The appellant mailed his appeal to OPM on a date not reflected in the record. IAF, Tab 1. The administrative judge found that because the appellant signed his appeal on August 23, 2013, and due to the significant delays in mailing between the Philippines and the United States, to the extent the appeal was untimely filed, the deadline for filing was waived for good cause shown. IAF, Tab 8, Initial Decision (ID) at 2-3 n.1. Neither party has challenged this finding on review, and we see no reason to disturb it.

least 1 of his last 2 years of federal service in a covered position.[3]  *Id*. at 324;
*see* 5 U.S.C. § 8333(a)-(b).

¶6    Temporary, intermittent, term, and excepted indefinite appointments have
been excluded from CSRS coverage.  5 C.F.R. § 831.201(a)(1), (2), (6), (13),
(14); *see also Rosete v. Office of Personnel Management*, 48 F.3d 514, 519 (Fed.
Cir. 1995) (upholding the regulatory exclusion of indefinite appointments from
CSRS coverage); *De Jesus v. Office of Personnel Management*, 63 M.S.P.R.
586, 590-93 (1994) (under 5 U.S.C. § 8347(g), OPM can exclude from CSRA
coverage temporary, intermittent, and indefinite employees), *aff'd*, 62 F.3d 1431
(Fed. Cir. 1995) (Table).

¶7    The appellant argues in his petition for review that the Navy is a
government agency, all hired employees are registered by the Civil Service
Commission, and that he is covered by the CSRS.  *See* PFR File, Tab 1 at 2-3.
The appellant submits numerous documents with his petition for review.  *Id.* at
10-30.  The Board generally will not consider evidence submitted for the first
time with the petition for review absent a showing that it was unavailable before
the record was closed despite due diligence.  *Davis v. Department of
Commerce*, 120 M.S.P.R. 34, ¶ 16 (2013) (citing 5 C.F.R. § 1201.115).  The
appellant has not made such a showing, and therefore we decline to consider the
documents he submits for the first time on review.

¶8    We agree with the administrative judge that the appellant's position as a
Machinist (Marine) (Limited), which was an excepted appointment not to exceed

---

[3] Although not entirely clear, the appellant appears to argue on petition for review that
he is entitled to a deferred CSRS annuity.  *See* PFR File, Tab 1 at 2-3; *see also McKay
v. U.S. Postal Service*, 84 M.S.P.R. 152, ¶ 7 (1999) (the Board reads pro se appellant's
pleadings liberally).  However, to be eligible for a deferred annuity under 5 U.S.C.
§ 8338(a), the appellant would still need to be "[a]n employee" under 5 C.F.R.
§ 831.112(a)(2), which requires that he already have "civil service retirement annuity
rights" based on CSRA covered service.  *Dela Rosa v. Office of Personnel Management*,
583 F.3d 762, 765 (Fed. Cir. 2009) (a former employee can make a deposit for a
deferred annuity under 5 U.S.C. § 8334(c) only if he is already covered by the CSRS).

1 year, was excluded from the CSRA. ID at 2-4. As to the appellant's remaining period of service, the Standard Form (SF) 50s provided reflect a status of "5" or "Other" for retirement coverage and an annuity indicator of "9" or "Not Applicable."[4] IAF, Tab 1 at 6, Tab 5 at 16. The appellant's final SF-50 reflects that he retired under the authority of the Filipino Employment Personnel Instruction (FEPI). IAF, Tab 5 at 16; ID at 2. The Federal Circuit has indicated that the reference to "Other" or no retirement coverage on an appellant's SF-50s means that the individual was not employed in covered service. *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010) (citing *Rosete*, 48 F.3d at 520), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011). There is no evidence that the appellant was ever employed in covered service; rather, the record shows that he performed service that was excluded from coverage under the CSRA. The appellant's SF-50s indicate that he was entitled to retirement pay under the FEPI. IAF, Tab 1 at 6, Tab 5 at 16. Our reviewing court has previously held that receipt of benefits under a non-CSRS plan, such as FEPI, indicates that an appellant's service is not covered under the CSRS. *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Therefore, the appellant is not eligible for a CSRS annuity. Thus, we agree with the administrative judge's finding that the appellant was never subject to the CSRA.

¶9        The appellant stated in his petition for review that he has suffered for 22 years from chronic diseases he acquired during employment with the Navy and that he did not receive any compensation or pension. *See* PFR File, Tab 1 at 4. Further, he requested "humanitarian help" for his medical conditions. *See id*.

---

[4] The appellant's SF-50s reflect a tenure group status of "1-Permanent." IAF, Tab 1 at 6, Tab 5 at 16. However, in the absence of any evidence that the appellant's personnel records are incomplete, we decline to consider this secondary evidence regarding the status of his employment. *Pagtakhan v. Office of Personnel Management*, 43 M.S.P.R. 75, 77 (1989); *see De Jesus*, 63 M.S.P.R. at 593 (tenure group status for the purposes of determining an employee's rights in a possible reduction in force is not determinative of an employee's appointment or retirement rights).

Although the Board is sympathetic to the appellant's situation, the Board does not have jurisdiction over all actions that are alleged to be incorrect. *Preece v. Department of the Army*, 50 M.S.P.R. 222, 226 (1991). The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The determination of whether an individual suffers from a medical condition that is compensable under the Federal Employees' Compensation Act is within the exclusive purview of Office of Workers' Compensation Programs (subject to review by the Employees Compensation Appeals Board), and neither the employing agency nor the Board has the authority to make such a determination. *Simonton v. U.S. Postal Service*, 85 M.S.P.R. 189, 192, ¶ 11 (2000).

¶10    We agree with the administrative judge that the appellant has not demonstrated that he completed 5 years of qualified civilian service ending with at least 1 out of the last 2 years in a position covered by the CSRA. Thus, the initial decision is affirmed.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____

                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.