**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RENATO J. VALENZUELA,<br>Appellant, | DOCKET NUMBER<br>SF-0831-14-0665-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: March 27, 2015 |

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Patrick Jennings, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision denying his request to make a deposit in order to receive service credit under the Civil Service Retirement System (CSRS) and to receive an annuity. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2          The record reflects that the U.S. Navy employed the appellant at the Naval Supply Depot in Subic Bay, Philippines under a series of excepted service appointments from December 3, 1981, to July 17, 1992, when he was terminated due to a reduction in force.  Initial Appeal File (IAF), Tab 7 at 10-36.  In 2008 and 2009, the appellant applied to make a deposit into the Civil Service Retirement and Disability Fund (CSRDF) and for a deferred annuity based on his federal service at Subic Bay.  *Id.* at 52-53, 61-64.  OPM denied the appellant's applications, finding that he had never served in a position subject to the Civil Service Retirement Act (CSRA) and, therefore, he was not eligible to make a service deposit or to receive an annuity under CSRS.  *Id.* at 49, 58.  The appellant requested reconsideration of the denials, *id.* at 42-48, 54-57, which OPM denied

on September 3, 2014, *id.* at 6-8.[2]   The appellant then appealed OPM's reconsideration decision to the Board.  IAF, Tab 1.  In an October 27, 2014 initial decision the administrative judge affirmed OPM's reconsideration decision, and the appellant timely petitioned for review.  IAF, Tab 10, Initial Decision (ID); Petition for Review (PFR) File, Tab 1.

¶3        To qualify for a civil service retirement annuity, a government employee must complete at least 5 years of creditable service with at least 1 of the last 2 years of his federal service in a "covered" position.  5 U.S.C. § 8333(a)-(b); *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).  Covered service includes only an appointment that is subject to the CSRA and for which an employee must deposit part of his pay into the CSRDF.  *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 7 (2011).  Pursuant to OPM regulations, service rendered under temporary or excepted indefinite appointments does not qualify as "covered" service.  *Id.*, ¶ 8; 5 C.F.R.§ 831.201(a).   The appellant, as the applicant, bears the burden of proving his entitlement to an annuity.  *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986).

¶4        The appellant does not dispute that he was initially appointed to a position with a not to exceed date (NTE), i.e., a temporary position that was excluded from coverage under the CSRA.  *See* PFR File, Tab 1.  However, he appears to argue that he was converted to a covered position either:  (1) by December 3, 1982, after he had completed 1 year of current, continuous service in his first NTE position; or (2) by August 12, 1990, when he was promoted to the position

---

[2] OPM originally issued a reconsideration decision on August 16, 2011, which the appellant appealed to the Board.  *See Valenzuela v. Office of Personnel Management*, MSPB Docket No. SF-0831-11-0818-I-1, Initial Decision (0818 ID) at 1 (Aug. 31, 2011).   On August 30, 2011, OPM rescinded the reconsideration decision, and the administrative judge dismissed the appeal for lack of jurisdiction.  0818 ID at 1-2. OPM reissued the reconsideration decision on September 3, 2014, which is now before the Board.  IAF, Tab 7 at 6-8.

of Inspector, which he contends was not excluded from CSRA coverage because the Standard Form (SF) 52 reflects that his trial period had been completed and that he was in tenure group "1-permanent" and retirement plan "5-other." *Id.* at 1-3; *see* IAF, Tab 7 at 10-11, 15-16. As such, the appellant concludes that he served in a "covered" position and is entitled to an annuity under CSRS. PFR File, Tab 1 at 1-3.

¶5        Even if, as the administrative judge found, the appellant was serving in a permanent position at the time of his termination, the record shows that the appellant never served in a position covered under the CSRA and thus, he does not qualify for a CSRS annuity. *See* 5 U.S.C. § 8333(b); *see also* ID at 3-4. First, the appellant does not contend, and there is no evidence to suggest, that retirement deductions were ever withheld from his pay. *See* PFR File, Tab 1; *see also* IAF, Tab 7 at 10-36. The fact that the employing agency did not withhold retirement deductions weighs against finding that the appellant was covered under the CSRA. *See Arcinas v. Office of Personnel Management*, 82 M.S.P.R. 603, ¶ 9 (1999). Second, the SF-50s in the record all designate the appellant's retirement eligibility as "5-other" or "5," indicating "other" retirement system.[3] IAF, Tab 7 at 10-11, 13, 15-16, 18-19, 21, 23-24, 26-27, 30, 32-34, 36.[4] The Board has held that the reference to "other" or "none" in an applicant's SF-50s means that the individual was not employed in the covered service. *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011). Third, the SF-50 documenting the appellant's termination reflects that he was entitled to severance pay under the Filipino Employment Personnel Instructions (FEPI) plan. *See id.* at 10. It is well settled that an applicant's receipt of benefits under a non-CSRS plan—such as the FEPI plan—

---

[3] Depending on the date of the SF-50, the applicable retirement plan is indicted in box 8, 10, or 30 of the form. *See* IAF, Tab 7 at 10-11, 13, 15-16, 18-19, 21, 23-24, 26-27, 30, 32-34, 36.

[4] The retirement system code on two of the SF-50s is not legible. IAF, Tab 7 at 27, 33.

indicates that his service was not covered under the CSRA. 5 U.S.C. § 8331(1)(L)(ii); *Espiritu*, 114 M.S.P.R. 192, ¶ 8. Accordingly, we agree with the administrative judge that OPM correctly determined that the appellant did not serve in a "covered" position and was, therefore, ineligible to receive an annuity under CSRS.

¶6 Lastly, the appellant appears to argue that, pursuant to 5 C.F.R. § 831.112(a)(2), OPM erred by failing to afford him an "automatic opportunity" to make a deposit to the CSRDF for his "nondeduction service" from September 30, 1982, to July 17, 1992. PFR File, Tab 1 at 6. However, in order to be eligible to make a deposit in the CSRDF, the regulation cited by the appellant requires an individual to be either currently employed in a covered position or eligible for a CSRS annuity based on covered service. *See* 5 C.F.R. § 831.112(a); *see also Encarnado*, 116 M.S.P.R. 301, ¶ 9. Because the appellant is not currently employed in a "covered" position or, as discussed above, eligible for an annuity, he is not eligible to make a deposit to the CSRDF. *See* 5 C.F.R. § 831.112(a); *see also Encarnado*, 116 M.S.P.R. 301, ¶ 9. Thus, we agree with the administrative judge's finding that OPM correctly denied the appellant's application to make a service deposit.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.