NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCELINO G. ESPIRITU,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3163

---

Petition for review of the Merit Systems Protection Board in Case No. SF0831090974-I-1.

---

Decided: June 8, 2011

---

MARCELINO G. ESPIRITU, Zaqmbes, Philippines, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for the respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR.

---

Before BRYSON, MAYER, and GAJARSA, *Circuit Judges*.

PER CURIAM.

## DECISION

Marcelino G. Espiritu filed this appeal from a decision of the Merit Systems Protection Board that affirmed judgments of the Office of Personnel Management ("OPM") denying his application for deferred retirement and his application to make a deposit to the Civil Service Retirement and Disability Fund. We affirm.

## BACKGROUND

Mr. Espiritu worked for the Department of the Navy at the Subic Bay Naval Base in the Philippines from 1966 to 1992 in a variety of positions including Supervisory Security Clerk. In 1992, Mr. Espiritu resigned from that position to take early retirement. His federal personnel form, Form SF-50, stated that he was entitled to a lump-sum payout of approximately two years worth of salary. That SF-50 and other SF-50s for his previous federal positions describe his retirement coverage as "other" or "none."

In 2009, Mr. Espiritu filed an application for deferred retirement and an application to make a deposit under the Civil Service Retirement System ("CSRS") for his service from 1982 to 1992. OPM denied his application for deferred retirement because his SF-50 showed that his service was not covered by the CSRS. OPM also denied his deposit application based on 5 C.F.R. § 831.112(a) because he was not employed in a position subject to federal retirement deductions and did not have a right to an annuity.

Mr. Espiritu appealed those decisions to the Merit Systems Protection Board. The Board affirmed the decision denying his application for deferred retirement because Mr. Espiritu did not serve in a position covered by the Civil Service Retirement Act ("CSRA") during one of his last two years of employment, as required by 5 U.S.C. § 8333(b). The Board concluded that Mr. Espiritu's position was "indefinite" under 5 C.F.R. § 831.201(a)(13) because his SF-50 described his retirement coverage as "other" or "none" and he acknowledged that he received retirement benefits under the Filipino Employment Personnel Instructions ("FEPI"). Based on the same evidence, the Board affirmed OPM's decision denying his application to make a deposit toward a retirement annuity.

Mr. Espiritu appealed those decisions to this court. While his appeal was pending, we were informed that Mr. Espiritu had died on March 26, 2011. On April 18, 2011, his wife, Cleofe Espiritu, filed a motion to substitute herself in his appeal. We grant that motion.

DISCUSSION

Under circumstances prescribed by statute and regulation, an employee with civilian service for which retirement deductions were not made may make a later deposit of those deductions and thereby obtain credit toward a retirement annuity. 5 U.S.C. § 8334. The right of deposit is limited to persons designated as "employees." That term is defined to mean persons currently employed in CSRS-eligible positions or persons formerly employed in such positions who are eligible for a retirement annuity. 5 C.F.R. § 831.112(a). For the purpose of survivor annuities, survivors of "employees" within the meaning of 5 C.F.R. § 831.112 may make deposits when employees

would have been authorized to make them.  *See* 5 U.S.C. § 8334(h); 5 C.F.R. § 831.112(b).

In order to be eligible for a retirement annuity, an employee must have completed at least five years of "creditable service."  5 U.S.C. §§ 8331(12), 8332, 8333(a). In addition, at least one of the final two years of employment prior to separation must have been "creditable civilian service during which [the employee] is subject to the [CSRA]."  *Id.* § 8333(b).

Ms. Espiritu contends that an employee is eligible for a CSRS retirement annuity merely by virtue of undertaking creditable service during one of the final two years of employment prior to separation.  This court has rejected that position.  *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988).  The "one-out-of-two" requirement refers to "covered service," i.e., service subject to the CSRA.  *Id.*  OPM and the Board determined that Mr. Espiritu's service was not covered by the CSRA because he received FEPI retirement benefits and his SF-50 forms described his retirement coverage as "other" or "none."

Ms. Espiritu challenges that determination, contending that Mr. Espiritu's position was covered by the CSRA because it was a full-time position.  She relies on *Dove v. United States*, 161 Ct. Cl. 768 (1963), for that proposition. That case dealt with the question whether an employee was employed intermittently or full time.  OPM did not rely on that distinction to determine that Mr. Espiritu's position was not covered by the CSRA.  Instead, it found that Mr. Espiritu's position was nonpermanent or indefinite, and that it was therefore excluded from the CSRS under 5 C.F.R. § 831.201(a)(13).

Ms. Espiritu contends that Mr. Espiritu's position was erroneously found to be indefinite. OPM and the Board found his position to be indefinite because it was covered by another retirement program, FEPI. This court has endorsed that ground of decision in previous cases. *See Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 766 (Fed. Cir. 2009); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Ms. Espiritu argues that those cases were wrongly decided and should be overturned in an *en banc* proceeding. She is free to petition this court for an *en banc* rehearing, but absent such a proceeding, those cases are currently binding precedent.

To the extent that Ms. Espiritu is continuing to press the same arguments that Mr. Espiritu raised in his brief, we hold that he did not have a right to an annuity or to make a deposit toward a retirement annuity. She has not shown that her rights are greater than his. We therefore sustain the decision of the Board.

No costs.

**AFFIRMED**