# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ROGELIO A. SERIDON,
           Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
           Agency.

DOCKET NUMBER
SF-0831-15-0004-I-1

DATE: June 4, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) decision denying his application for an annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant applied for a deferred annuity under the Civil Service Retirement System (CSRS) based on his 9 years of service in a full-time position with a regular schedule in the Philippines as a non-U.S. citizen. Initial Appeal File (IAF), Tab 4 at 22. In his application, the appellant asserts that OPM may not deny him an annuity without first setting "a time for [him] to deposit the requisite amount of [his] base civilian service pay into the [Civil Service Retirement] and Disability Fund" *Id*. OPM issued an initial decision finding that the appellant's service was not in a position subject to the Civil Service Retirement Act (CSRA), and therefore his service did not entitle him to a CSRS annuity. *Id*. at 11. The appellant requested reconsideration, arguing again that he was entitled to a deferred annuity under CSRS. *Id*. at 8. OPM issued a reconsideration decision in which it found that the appellant was not entitled to an annuity because he did not complete 1 year of service within the 2 years immediately preceding his separation in a position subject to the CSRA. *Id*. at 5.

¶3    The appellant filed an appeal from the reconsideration decision. IAF, Tab 1. He argues, as he did to OPM, that as a full-time employee he earned

retirement credit. *Id*. He also asserts that OPM erroneously failed to set a time for him to make a deposit into the Civil Service Retirement and Disability Fund (the Fund). *Id*. OPM filed a response to the appeal, asserting that its reconsideration decision correctly decided the appellant's application for a deferred annuity and that the issue of whether he can make a deposit for his service to be covered is not before the Board because OPM issued no final decision on the issue of him making a deposit. IAF, Tab 4 at 4.

¶4 In the initial decision, the administrative judge found that, although the appellant's service is creditable, the appellant was never subject to the CSRA, and thus he had no covered service. IAF, Tab 7, Initial Decision (ID), at 4-5. She also found that, because the appellant had no service covered by the CSRA, he was not eligible to make a deposit into the Fund to obtain service credit. ID at 6. In making this finding, the administrative judge did not address OPM's assertion that the Board lacks jurisdiction to decide the appellant's eligibility to make a deposit.

¶5 In his petition for review, the appellant asserts again that he should have been given an opportunity to make a deposit into the Fund. Petition for Review File, Tab 1.

¶6 In appeals from OPM reconsideration decisions involving CSRA retirement benefits, the appellant has the burden of proving entitlement to benefits by preponderant evidence. 5 C.F.R. § 1201.56(a)(2). Two types of federal service are pertinent to a determination of whether an individual is eligible for a retirement annuity under the CSRA, "creditable service" and "covered service." *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). While almost all federal service is creditable service, including under some circumstances service for which no deposit was made into the Fund, *see Parker v. Office of Personnel Management*, 93 M.S.P.R. 529, ¶ 32 (2003), *aff'd*, 91 F. App'x 660 (Fed. Cir. 2004), covered service is more limited in scope, referring to employees who are

subject to the CSRA, i.e., employees who must deposit part of their basic pay into the Fund, *Noveloso*, 45 M.S.P.R. at 323. Further, to be eligible for a civil service annuity at age 62, an applicant must demonstrate that he has completed at least 5 years of creditable civilian service and that he has served at least 1 of his last 2 years of federal service in a position covered under the CSRA. 5 U.S.C. § 8333(a), (b).

¶7      The record shows, however, that the appellant had no covered service. He served under an excepted indefinite appointment and was covered by the Filipino Employment Personnel Instruction, not by CSRS. Temporary, intermittent, term and excepted indefinite appointments have been excluded from CSRS coverage, first by presidential executive order (Exec. Order No. 10,180) in 1950, and since 1956, by statute and regulation. The regulations are currently codified at 5 C.F.R. § 831.201(a)(1), (2), (6), (13) and (14). *See Rosete v. Office of Personnel Management*, 48 F.3d 514, 519 (Fed. Cir. 1995) (upholding the regulatory exclusion of indefinite appointments from CSRS coverage); *see also De Jesus v. Office of Personnel Management*, 63 M.S.P.R. 586, 592-94 (1994), *aff'd*, 62 F.3d 1431 (Fed. Cir. 1995) (Table). While service under an indefinite appointment is usually creditable service, it is not covered service. Thus, the appellant failed to meet the annuity eligibility requirement that he has served at least 1 of his last 2 years of federal service in a position covered under the CSRA. Irrespective of whether the appellant had the requisite 5 years of creditable civilian service, *see* 5 U.S.C. § 8333(a), because his last period of service prior to his separation did not include at least 1 year in a covered position, he is not entitled to a deferred annuity, *see* 5 U.S.C. § 8333(b); *see also Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011). The administrative judge properly affirmed OPM's reconsideration decision finding that the appellant was not eligible for a deferred annuity.

¶8    As noted, the issue raised by the appellant in his petition for review, whether he should be afforded the opportunity to make a deposit for his service, was not addressed by OPM in the reconsideration decision. Generally, the Board has jurisdiction over retirement issues only once they have been the subject of an OPM reconsideration decision. *Kilpatrick v. Office of Personnel Management*, 94 M.S.P.R. 609, ¶ 8 (2003). However, where, as here, OPM fails to adjudicate all the claims and issues before it when it issues the reconsideration decision, the Board has jurisdiction to consider the nonadjudicated claims and issues and may remand the case for OPM to complete a full review of the matter. *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 4 (2013). Thus, OPM's assertion that the Board lacks jurisdiction to decide the appellant's eligibility to make a deposit is unavailing and the administrative judge did not err in addressing this issue.

¶9    We need not remand this case to OPM, however. The appellant makes clear in his appeal that his goal in bringing a "deposit" claim is to receive a CSRS retirement annuity based on his years in an excepted indefinite appointment. Under 5 U.S.C. § 8334(c), an individual generally may make a deposit into the Fund if he is currently an "employee." *See* 5 U.S.C. § 8334(c); *see also Floresca v. Office of Personnel Management*, 69 M.S.P.R. 93, 98 (1995). The term "employee," as it is used for purposes of the statutory chapter governing CSRS, is defined at 5 U.S.C. § 8331(1), and it refers to individuals who are serving in positions covered by CSRS. *See Vanaman v. Office of Personnel Management*, 59 M.S.P.R. 598, 601 (1993) (covered service refers only to those federal employees who are subject to the CSRA and must deposit a portion of their pay into the Fund); *see also* 5 U.S.C. § 8334(a)(1) (requiring the employing agency to deduct retirement contributions from the pay of an "employee"). Here, there is no indication that the appellant ever worked in any capacity that would cause him to be an "employee" under the statutory scheme. *See* IAF, Tab 4 (Standard Form 50 indicating that the appellant's retirement plan was "Other").

Instead, as noted, the record shows that the appellant performed service that was excluded from coverage under the CSRA. *See* 5 C.F.R. § 831.201(b)(1)(i) (excluding from coverage alien workers at duty stations in a foreign country under circumstances where U.S. citizens may be covered).

¶10    In 5 C.F.R. § 831.112(a)(2), OPM has interpreted 5 U.S.C. § 8334(c) to permit an individual who is no longer employed by the federal government to make a deposit if he "retains civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld" and if his "annuity has not been finally adjudicated." In other words, an individual who has been separated from a CSRS-covered position (i.e., one in which he was subject to CSRS retirement contributions), who is eligible for a CSRS annuity, and whose annuity has not been "finally adjudicated" may make a deposit. However, an individual may not make a deposit under section 8334 if he was not separated from a CSRS-covered position, and a retroactive deposit does not convert a noncovered position to a covered position. *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 13 (2010). Here, the appellant was in a position in which he was not subject to CSRS retirement contributions. The administrative judge therefore properly found that the appellant is not entitled to make a deposit under 5 C.F.R. § 831.112(a)(2).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.