## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANCISCO T. GARCIA,

                Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,

                Agency.

DOCKET NUMBER
SF-0831-14-0567-I-1

DATE: September 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

#### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

#### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant's entitlement to a deferred annuity under the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant is a former employee of the Department of the Navy (Navy) in Subic Bay, Philippines.  Initial Appeal File (IAF), Tab 5 at 136-37.  The Navy appointed the appellant to a position in the excepted service in 1972 with a not-to-exceed (NTE) date in January 1973.  *Id*.  The Navy extended his appointment several times, with a break in service in April 1973, but terminated him in May 1974.  *Id*. at 124-35.  The appellant was entitled to 2 months' salary as severance pay pursuant to a collective bargaining agreement.  *Id*. at 124.

¶3        From June 1974 to July 1975, the appellant served in a series of excepted-service NTE positions with brief breaks in service.  *Id*. at 115-23.  In October 1975, the Navy appointed him to an excepted-service NTE position, which it extended through a series of excepted-service NTE appointments until February 1980.  *Id*. at 96-114.  Then, in February 1980, the Navy converted the appellant to an excepted-service indefinite appointment.  *Id*. at 94-95.  He served

continuously under an excepted-service indefinite appointment until September 1992, when he resigned in lieu of involuntary action by reduction in force. *Id*. at 59-95. He received severance pay equivalent to 18 months' salary following his September 1992 resignation. *Id*. at 57-59.

¶4 In 2012, the appellant applied for a deferred annuity under CSRS. IAF, Tab 5 at 33-34. In an initial decision, OPM denied his application, finding that he never served in a position subject to the Civil Service Retirement Act (CSRA). *Id*. at 30. He requested reconsideration. *Id*. at 8-29. OPM issued a reconsideration decision, again denying the appellant's request. *Id*. at 5-7. Specifically, OPM found that the appellant had not completed the minimum 5 years of creditable service required for entitlement to a CSRS annuity. *Id*. at 7. OPM also found that the appellant's service was excluded from coverage under the CSRA because he had served in nonappropriated funds and personal contract appointments. *Id*. Therefore, OPM determined that he did not have 1 year of service subject to the CSRA within the 2 years immediately prior to his retirement as was required for receipt of an annuity. *Id*.

¶5 The appellant filed this Board appeal challenging OPM's reconsideration decision. IAF, Tab 1. He did not request a hearing. *Id*. at 1. He asserted entitlement to an annuity based upon his service that ended in September 1982, arguing that the required deposit to receive credit for this service is constructively waived and that, although he did not apply to OPM to make a deposit, he should be able to make a deposit for his service from September 1982 until his resignation in 1992. *Id*. at 2-4. Specifically, the appellant argued that, although he has not made a deposit as to his service prior to October 1982, based upon his interpretation of 5 U.S.C. §§ 8333, 8334(c), and 8339, and 5 C.F.R. § 831.303(a), a deposit under the CSRS is presumed for the period prior to October 1, 1982. IAF, Tab 1 at 16-27. The appellant further asserted that he satisfied the requirement under the CSRA that he have 5 years of creditable service with 1 year of the last 2 years being in a position covered by CSRS because, at the end

of his constructive separation in September 1992, he had more than 8 years of creditable service and the last 2 years and 3 months of that service had been under an indefinite appointment. *Id.* at 27. The appellant also indicated that he is asserting a claim of "harmful procedural error" and appeared to assert a discrimination claim based upon his national origin. IAF, Tab 1 at 2, Tab 7 at 4. OPM responded, asserting that the appellant's Standard Form 50 (SF-50) consistently listed his retirement coverage as "none" or "other," and that his temporary or indefinite appointments are specifically excluded from retirement coverage. IAF, Tab 5 at 4. OPM also asserted that the appellant was not entitled to make a deposit because he is not a current employee in a position subject to the CSRA or a former employee who retained civil service retirement annuity rights and did not have any covered service. *Id.*

¶6      The administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 11, Initial Decision (ID). Specifically, he found that the appellant failed to prove entitlement to a deferred retirement annuity because the CSRA excluded his excepted service, temporary appointments, and subsequent excepted-service indefinite appointment from its coverage. ID at 9-10. The administrative judge also noted that the appellant's receipt of a lump sum payment under a different retirement system, the Filipino Employment Personnel Instructions (FEPI), indicated that he was covered under another retirement system and thus was not covered under the CSRA. ID at 12-13. Additionally, the administrative judge found that, to the extent that the appellant asserted that he was entitled to make a deposit or to receive a reduced annuity based upon his decision not to make a deposit, these rights would only be available to someone who, unlike the appellant, is covered by the CSRA. ID at 13. Lastly, the administrative judge found that OPM could not have committed harmful procedural error because, even if true, none of the appellant's asserted errors would have affected the outcome of his retirement application and

subsequent appeal, and that his claim of discrimination was misplaced because these retirement matters do not involve any discretion by OPM.  ID at 15-16.

¶7        The appellant has petitioned for review.  Petition for Review (PFR) File, Tab 1.  On review, he reasserts many of the same arguments from below.[2]  *Id.* OPM has responded in opposition to the appellant's petition.  PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶8        In appeals from OPM reconsideration decisions involving CSRA retirement benefits, the appellant has the burden of proving entitlement to benefits by preponderant evidence.[3]  5 C.F.R. § 1201.56(b)(2)(ii).  To qualify for a civil service retirement annuity, a Government employee ordinarily must complete at least 5 years of creditable service and at least 1 of the 2 years before separation must be in "covered service."  5 U.S.C. § 8333(a)-(b).  Almost all Federal service is creditable service.  *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table).  On the other hand, covered service includes only appointments subject to the CSRA for which employees must deposit part of their pay into the Civil Service Retirement and Disability Fund (Fund).  *Anahaw v. Office of Personnel Management*, 85 M.S.P.R. 646, ¶ 4 (2000).

¶9        The appellant claims entitlement to an annuity based upon his service in a series of NTE, excepted-service appointments and in an indefinite excepted-service appointment ending prior to October 1, 1982.  PFR File, Tab 1 at 11; *see* IAF, Tab 5 at 95-136.  These appointments do not constitute covered

---

[2] We do not consider the evidence that the appellant has presented for the first time on review, including an OPM information sheet and a court pleading, because he has not shown that, despite his due diligence, it was unavailable when the record closed below. 5 C.F.R. § 1201.115(d); *see* PFR File, Tab 1 at 12-17.  Even if we did consider this evidence, however, it would not affect our disposition of the appeal.

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

service because nonpermanent and indefinite appointments are excluded from coverage under the CSRA. *De Jesus v. Office of Personnel Management*, 63 M.S.P.R. 586, 589-94 (1994), *aff'd*, 62 F.3d 1431 (Fed. Cir. 1995) (Table), *cert. denied*, 517 U.S. 1138 (1996). Because the appellant did not have covered service under the CSRA, he is not entitled to an annuity for his service prior to October 1, 1982. *See* 5 U.S.C. § 8333(b). Additionally, to the extent that the appellant asserts that he is entitled to an annuity based upon his service beginning in October 1982, he is not entitled to an annuity based upon this service because he was in an excepted-service, indefinite appointment, which is excluded from coverage under the CSRA. *See De Jesus*, 63 M.S.P.R. at 590-94.

¶10 We note the appellant's assertion that his status as a full-time employee rendered his service covered under the CSRA. *See*, *e.g.*, IAF, Tab 1 at 19. However, service as a full-time employee does not impact CSRA coverage absent a showing that the schedule affected the temporary, term, or indefinite character of an appointment, or that an individual made contributions to the Fund. *See Noveloso*, 45 M.S.P.R. at 325. The appellant has made no such showing and has not asserted that he contributed to the Fund; thus, his full-time status does not change the fact that his service was not covered by the CSRA. Additionally, the appellant's SF-50s support our finding that he is not covered by the CSRA because they designate his retirement as either "none" or "other."[4] IAF, Tab 5 at 59-133. The Board has held that the reference to "other" or "none" in an appellant's SF-50s means that the individual was not employed in covered service. *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011).

---

[4] One of the appellant's SF-50s designated his retirement as "FS." IAF, Tab 5 at 95. We agree with the administrative judge that this designation appeared to refer to the Foreign Service Retirement and Disability System. *See* ID at 3-4 n.2. The appellant, though, has not asserted that this designation supports his entitlement to retirement benefits under that system. Therefore, we need not address this apparent error.

¶11    Furthermore, we agree with the administrative judge that, because the record supports a finding that the appellant was covered by FEPI and a collective bargaining agreement, he is excluded from coverage under the CSRA. ID at 12-13. Specifically, the appellant's SF-50 from May 1974 indicates that he received a severance payment pursuant to a collective bargaining agreement and his SF-50 from September 1992 indicates that he received a second severance payment. IAF, Tab 5 at 59, 124. The receipt of these severance payments under another retirement system, designated as "other" on the appellant's SF-50s, excludes him from coverage under the CSRA. 5 U.S.C. § 8331(1)(L)(ii); *see Vergara v. Office of Personnel Management*, 104 M.S.P.R. 616, ¶ 2 n.2 (2007).

¶12    Even though the appellant did not serve in covered positions so as to entitle him to an annuity under CSRS, he appears to assert that he should be considered eligible for an annuity because a deposit was constructively made on his behalf pursuant to 5 C.F.R. § 831.303(a). PFR File, Tab 1 at 7-11. Section 831.303(a) is contained in subpart C of part 831, which addresses whether service is creditable. Section 831.303(a) describes how to calculate an annuity that includes credit for years of service performed prior to October 1, 1982, of an otherwise entitled individual for periods of service for which retirement deductions have not been taken; nowhere does it provide for service credit to individuals that have no covered service. There is thus no support in the regulation for the appellant's assertion that he is deemed to have made a deposit qualifying him for an annuity where he is otherwise ineligible for an annuity due to his lack of covered service.

¶13    Finally, the appellant asserted below that he should be able to make a deposit for his service from the end of September 1982 until September 1992. IAF, Tab 1 at 4. To the extent that he previously asserted in his request for reconsideration that he should have been able to make a deposit, *id*. at 18, OPM did not address this issue, IAF, Tab 5 at 5-7. Although, ordinarily, the Board has jurisdiction over retirement issues only once OPM has issued a reconsideration decision regarding those issues, *Kilpatrick v. Office of Personnel*

*Management*, 94 M.S.P.R. 609, ¶ 8 (2003), where, as here, OPM failed to adjudicate an issue that was before it, we may consider the nonadjudicated claims and issues and may remand the case to OPM for a full review of the matter, *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 4 (2013). Because the appellant made clear that his goal in making a deposit was to receive a CSRS annuity and OPM addressed the issue of his entitlement to a CSRS annuity, we need not remand the appeal. Instead, we find that the appellant is not entitled to make a deposit because he did not have any covered service.[5] 5 U.S.C. §§ 8331(1), 8334(c); *see Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶¶ 12-13 (2010).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[5] As described above, the administrative judge found that the appellant failed to meet his burden concerning his harmful procedural error and discrimination claims. ID at 15-16. We see no reason to disturb these findings. *Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 9 (2008); 5 C.F.R. § 1201.4(r).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.