# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SALVADOR V. MACALINAO,
          Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
          Agency.

DOCKET NUMBER
SF-0831-15-0792-I-1

DATE: August 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambeles, Philippines, for the appellant.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed a decision of the Office of Personnel Management (OPM) denying his request for annuity benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant formerly was employed by the Department of the Navy in Subic Bay, Philippines, under a series of excepted-service appointments from August 25, 1975, to August 30, 1991, when he was terminated pursuant to a reduction in force. Initial Appeal File (IAF), Tab 4 at 14-32. On July 7, 2015, OPM denied the appellant's application for a CSRS retirement annuity because it found that he had never served in a position subject to the CSRS. IAF, Tab 1 at 1. The appellant filed a Board appeal challenging OPM's decision. *Id.* at 2. He did not request a hearing. *Id.* at 2-4. He asserted that he was entitled to a retirement annuity based on his service from August 25, 1975, to September 30, 1982, because, under his interpretation of 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a), he is deemed to have made a deposit for his service during this time. IAF, Tabs 5, 7-8.

¶3        Based on the written record, the administrative judge issued an initial decision affirming OPM's decision. IAF, Tab 9, Initial Decision (ID). The

administrative judge found that the appellant failed to prove his entitlement to a CSRS retirement annuity because he failed to show that he served in a position that was covered by or subject to the CSRS. ID at 4. First, the administrative judge found that the CSRS excluded the appellant's excepted-service term and indefinite appointments from coverage. *Id.* Second, the administrative judge noted that no CSRS retirement deductions were taken from the appellant's paychecks during his employment. *Id.* Third, the administrative judge found that the appellant's Standard Form 50s (SF-50s), which designated his retirement eligibility as "other," reflected that he was not employed in a position covered by the CSRS. ID at 4-5. Finally, the administrative judge found that the appellant had received a lump-sum severance payment under a different retirement system, the Filipino Employment Personnel Instructions (FEPI), which indicated that he was covered under another retirement system and not under the CSRS. ID at 5-6. The administrative judge also found that the appellant was not entitled to make a deposit or to have the deposit waived for his period of service from August 25, 1975, through September 30, 1982, because such rights are only available to someone who, unlike the appellant, is covered by the CSRS. ID at 6-8.

¶4     The appellant has filed a petition for review in which he reasserts his argument that, because no CSRS deductions were taken from his pay during his civilian service prior to October 1, 1982, this period should be credited towards his CSRS annuity and he should be deemed to have made a deposit for this period. Petition for Review (PFR) File, Tab 1 at 1-12.[2] The agency has opposed the appellant's petition. PFR File, Tab 4.

---

[2] The appellant's petition for review was untimely filed on February 29, 2016, over 1 month after the January 12, 2016 filing deadline. ID at 8; PFR File, Tab 1. He has filed a motion to waive the time limit in which he asserts that good cause exists for his untimely filing because, due to mail delays, he did not receive the initial decision until after the deadline for filing a petition for review. PFR File, Tab 5 at 1. In light of our

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    In appeals from OPM final decisions involving CSRS retirement benefits, the appellant has the burden of proving entitlement to benefits by preponderant evidence.[3] 5 C.F.R. § 1201.56(b)(2)(ii).  To qualify for a civil service retirement annuity, a Government employee ordinarily must complete at least 5 years of creditable service and at least 1 of the 2 years before separation must be in "covered service."  5 U.S.C. § 8333(a)-(b); *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).  Almost all Federal service is creditable service.  *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table).  On the other hand, covered service includes only appointments subject to the CSRS for which employees must deposit part of their pay into the Civil Service Retirement and Disability Fund.  *Anahaw v. Office of Personnel Management*, 85 M.S.P.R. 646, ¶ 4 (2000).

¶6    The appellant has not contested the administrative judge's findings that he served under appointments that were not subject to the CSRS; his SF-50s identify his retirement status as "other"; that no retirement deductions were ever taken from his pay; and that he received severance pay in accordance with FEPI.  ID at 4-6.  Thus, he has shown no error in the administrative judge's finding that he failed to prove entitlement to a CSRS annuity.  *Id.*; *see, e.g.*, *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶¶ 7-9 (2010), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011).[4]

---

disposition in this appeal, we do not reach the issue of the timeliness of the appellant's petition for review.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] Some of the appellant's SF-50s designate his retirement eligibility as "none."  IAF, Tab 4 at 29-32.  However, the Board has held that the reference to "other" or "none" in an appellant's SF-50s means that the individual was not employed in the covered service.  *Espiritu*, 114 M.S.P.R. 192, ¶ 8.

¶7        Even though the appellant did not serve in covered positions so as to entitle him to an annuity under the CSRS, he asserts that he should be considered eligible for an annuity because a deposit was constructively made on his behalf pursuant to 5 C.F.R. § 831.303(a).  PFR File, Tab 1 at 1-12.  Section 831.303(a) is contained in subpart C of part 831, which addresses whether service is creditable.  Section 831.303(a) describes how to calculate an annuity that includes credit for years of service performed prior to October 1, 1982, of an otherwise entitled individual, for periods of service for which retirement deductions have not been taken.  Nowhere does it provide for service credit to individuals who have no covered service.  Thus, there is no support in the regulation for the appellant's assertion that he is deemed to have made a deposit qualifying him for an annuity when he is otherwise ineligible for an annuity due to his lack of covered service.  Accordingly, we find that the administrative judge properly found that the appellant is not entitled to make a deposit.  ID at 6-8; *see Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶¶ 12-13 (2010).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.