# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

GREGORIO M. BAGAT,

          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

          Agency.

DOCKET NUMBER
SF-0831-16-0798-I-1

DATE: March 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to find that the appellant did not seek to make a deposit into the Civil Service Retirement and Disability Fund (Fund) and to instead find that he did not prove his entitlement to a deferred annuity, we AFFIRM the initial decision.

**BACKGROUND**

¶2        The appellant is a former employee of the Department of the Navy (Navy) in Subic Bay, Philippines.  Initial Appeal File (IAF), Tab 2 at 10-17.  The Navy initially appointed him to a GS-5 Jungle Survival Instructor position on January 16, 1971, in the excepted service, which had a not-to-exceed date of January 15, 1972.  *Id*. at 17.  The Navy continued to employ and promote him.  *Id*. at 11-16.  Upon his termination from Federal service on April 15, 1992, he held the position of GS-9 Training Instructor (Jungle Survivor School) and had

21 years, 4 months, and 28 days of service in accordance with the Filipino Employees Personnel Instructions (FEPI) and the collective bargaining agreement. *Id*. at 10.

¶3    Although the Navy terminated the appellant in April 1992, he submitted an application for a deferred annuity pursuant to the Civil Service Retirement System (CSRS) on May 18, 2014—over 20 years later. *Id*. at 8-9. On August 4, 2016, OPM issued a reconsideration decision denying his application. *Id*. at 6-7. The letter stated that, although the appellant had performed civilian service for the Federal government, he had not performed service covered by the Civil Service Retirement Act (CSRA). IAF, Tab 2 at 6. Further, the letter explained that, to be eligible for a civil service annuity, an employee must have been employed by the Federal Government for at least 5 years with at least 1 year within the 2-year period immediately preceding the employee's separation having been covered by the CSRS. *Id*. The letter informed the appellant that he could not meet this requirement for non-deduction service by making a deposit because he was not a current employee serving in a covered position. *Id*. Thus, he was not entitled to an annuity or to make a deposit. *Id*.

¶4    The appellant filed the instant appeal challenging the reconsideration decision of OPM to the extent that he was denied a CSRS annuity for his service ending on September 30, 1982. IAF, Tab 1. He did not request a hearing. *Id*. The administrative judge issued an initial decision affirming the reconsideration decision. IAF, Tab 3, Initial Decision (ID).[3]

---

[3] This appeal was originally consolidated with seven other simultaneously filed appeals making virtually identical claims, but the administrative judge terminated the consolidation and issued a separate initial decision for each appellant. ID at 1-2 n.1; *see Eight Philippine Retirement Applicants v. Office of Personnel Management*, MSPB Docket No. SF-0831-16-0806-I-1.

¶5     The appellant has filed a petition for review, and OPM has responded in opposition to the appellant's petition. Petition for Review (PFR) File, Tabs 1, 4.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     In appeals from OPM reconsideration decisions involving retirement benefits under the CSRA, the appellant has the burden of proving entitlement to benefits by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(ii). To qualify for an annuity under the CSRA, an employee ordinarily must have completed at least 5 years of creditable civilian service and at least 1 of the 2 years before separation must be in "covered service." 5 U.S.C. § 8333(a)-(b); *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). While almost all Federal service is creditable, covered service includes only appointments subject to the CSRA for which employees must deposit part of their pay into the Fund. *See Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). The service of employees appointed under temporary, intermittent, term, and excepted indefinite appointments is usually creditable, but it has been excluded from coverage under the CSRA. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 8 (2011); 5 C.F.R. § 831.201(a). Thus, an employee who has only served in such appointments is not entitled to a CSRS annuity. *Quiocson*, 490 F.3d at 1360.

---

[4] The appellant has attached an annuity check and Standard Form 50s of two other employees to his petition for review. PFR File, Tab 1 at 20-25. The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence and that the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d). Here, the appellant has not alleged or shown that the documents, all of which predate the close of the record, were unavailable below or that they are material to the dispositive issue on review. Therefore, we do not consider them for the first time on review.

¶7	The administrative judge issued an initial decision affirming the reconsideration decision of OPM, finding that the appellant was not entitled to a CSRS annuity. ID at 6-11. She found that the appellant served in temporary, indefinite appointments or certain permanent positions in the excepted service, all of which were subject to FEPI, and none of which were covered under the CSRA. ID at 7-8, 11; IAF, Tab 2 at 10-17. Thus, she concluded that the appellant was not entitled to the deferred annuity that he sought.[5] ID at 11.

¶8	On review, the appellant admits that each of his appointments was either temporary or indefinite and that none was covered by the CSRA. PFR File, Tab 1 at 2. However, he asserts that, according to his interpretation of 5 C.F.R. § 831.303(a), he was entitled to a deferred annuity under CSRS for his service beginning on January 16, 1971, and ending on September 30, 1982. PFR File, Tab 1 at 1-17; IAF, Tab 1. He argues that, because, under section 831.303(a), a deposit was constructively made for this period of service, he was an "employee" with "covered service" during that period and thus entitled to a CSRS annuity for his service beginning on January 16, 1971, and ending on September 30, 1982. PFR File, Tab 1 at 1-17; IAF, Tab 1.

¶9	In *Lledo v. Office of Personnel Management*, 886 F.3d 1211 (Fed. Cir. 2018), the U.S. Court of Appeals for the Federal Circuit rejected a sufficiently similar argument raised by another former employee of the Navy in Subic Bay, Philippines seeking to have his creditable service in a position that was not covered under the CSRS be deemed covered service for the purposes of an

---

[5] The administrative judge found that the appellant was not eligible to make a deposit for any creditable service because he is not an "employee" as defined by 5 U.S.C. § 8332(c). ID at 6-7. However, the appellant did not ask to make a deposit and instead stated that, according to his interpretation of 5 C.F.R. § 831.303, he would instead receive credit for his service from January 16, 1971, until September 30, 1982, without making a deposit. IAF, Tab 1. Accordingly, we modify the initial decision to exclude the administrative judge's consideration of this issue and instead consider only the appellant's entitlement to a deferred annuity.

annuity. The court explained that 5 C.F.R. § 831.303(a) "permits an employee engaged in creditable civilian service before October 1, 1982, for which retirement deductions were not taken, to elect to make a deposit according to 5 U.S.C. § 8334(c) or otherwise have his annuity reduced." *Id.* at 1214. The purpose of this provision is to allow an individual who is otherwise entitled to an annuity to include that creditable service in the annuity computation. *Id.* It does not "convert creditable service into covered service" for the purpose of annuity entitlement. *Id.* Accordingly, we find that 5 C.F.R. § 831.303(a) is not related to whether the appellant is entitled to make a deposit and provides no basis for finding that the appellant had covered service.

¶10 The appellant also asserts that he was entitled to receive both FEPI benefits and a CSRS annuity. PFR File, Tab 1 at 18-19. However, an employee's receipt of benefits under a non-CSRS plan, such as FEPI, indicates that this service was not covered under the CSRS. *Quiocson*, 490 F.3d at 1360. The appellant's Standard Form 50 documenting his termination from Federal service on April 15, 1992, indicates that he received benefits under FEPI, and he does not dispute this. IAF, Tab 2 at 10; PFR File, Tab 1. Thus, this is further evidence that he was not entitled to a CSRS annuity. *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 9 (2010), *aff'd per curiam*, 431 F. App'x 897 (Fed. Cir. 2011).

¶11 We otherwise find no reason to disturb the administrative judge's conclusion that the appellant's service was not covered by the CSRA and was instead subject to FEPI. ID at 11. Accordingly, we find that the appellant is not entitled to a deferred annuity under the CSRA. *See Quiocson*, 490 F.3d at 1361.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.