**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTONIO S. HOCSON,<br>                    Appellant, | DOCKET NUMBER<br>SF-0831-15-0462-I-1 |
|                    v. | |
| OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>                    Agency. | DATE: January 7, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Tynika Faison Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his entitlement to a deferred annuity under the Civil Service Retirement System (CSRS).  Generally, we grant petitions such as this one only

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was employed by the Department of the Navy (Navy) as a Machinist at the Naval Ship Repair Facility in Subic Bay, Philippines. Initial Appeal File (IAF), Tab 6 at 42-43. He served under a series of excepted service appointments between July 1, 1976 and July 17, 1992, when he was terminated due to a reduction in force (RIF). *Id*. In 2013, the appellant applied for a deferred annuity under CSRS based on his service with the Navy. *Id*. at 44-45. In a subsequent letter, the appellant requested that OPM allow him to make a deposit into the Civil Service Retirement and Disability Fund (Fund). *Id.* at 35. OPM denied the appellant's application, finding that he had not served in a position subject to the Civil Service Retirement Act (CSRA), and therefore, was not eligible to receive a CSRS annuity. *Id*. at 9. The appellant requested reconsideration, and OPM issued a reconsideration decision, again finding that the appellant was not entitled to an annuity. *Id*. at 6-8, 12-30.

¶3 The appellant appealed OPM's reconsideration decision to the Board. IAF, Tab 1. He declined a hearing. *Id*. at 1. The administrative judge issued an initial decision affirming OPM's reconsideration decision, finding that the appellant was not eligible for a CSRS annuity or to make a deposit into the Fund to obtain service credit because none of his service was covered by the CSRS. IAF, Tab 10, Initial Decision (ID) at 5-6. The appellant has filed a petition for review of the initial decision, to which OPM has not responded. Petition for Review (PFR) File, Tab 1.[2]

¶4 The appellant, as an applicant, bears the burden of proving his entitlement to an annuity. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). To qualify for a civil service retirement annuity, a Government employee must complete at least 5 years of creditable service with at least 1 of the last 2 years of his Federal service in a "covered" position. 5 U.S.C. § 8333(a)-(b); *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Covered service includes only an appointment that is subject to the CSRA and for which an employee must deposit part of his pay into the Fund. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 7 (2011).

¶5 The administrative judge correctly found that the appellant failed to establish that he had any covered service. The record reflects that the appellant served in a series of appointments with not to exceed dates, the last of which was converted to an excepted indefinite appointment. IAF, Tab 6 at 43. These appointments do not constitute covered service because nonpermanent and indefinite appointments are excluded from coverage under the CSRA.

---

[2] With his petition for review, the appellant submits an OPM information sheet, which he contends constitutes new evidence. PFR File, Tab 1 at 8-9. However, the OPM pamphlet is contained in the record below. IAF, Tab 8 at 16. Accordingly, it is not new evidence that would provide a basis to grant the appellant's petition for review. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already part of the record is not new).

*Encarnado*; 116 M.S.P.R. 301, ¶ 8; 5 C.F.R. § 831.201(a).   Even if, as the administrative judge found, the appellant served in at least one permanent position with the Navy,[3] the record nevertheless reflects that he never served in a position covered under the CSRA and thus, he does not qualify for a CSRS annuity.   ID at 4.   The appellant does not contend, and there is no evidence to suggest, that retirement deductions ever were withheld from his pay.   IAF, Tabs 1, 6, 8; PFR File, Tab 1.   This weighs against a finding that his service was covered under the CSRA.   *See Arcinas v. Office of Personnel Management*, 82 M.S.P.R. 603, ¶ 9 (1999).   In addition, the Standard Form 50 (SF-50) documenting the appellant's termination designated his retirement plan as "other."   IAF, Tab 6 at 42.   The Board has held that the reference to "other" or "none" in an applicant's SF-50s means that the individual was not employed in a covered position. *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011).   Finally, the SF-50 documenting the appellant's termination reflected that he was entitled to severance pay under the Filipino Employment Personnel Instructions (FEPI) plan. IAF, Tab 6 at 42.   It is well settled that an applicant's receipt of benefits under a non-CSRS plan—such as the FEPI plan—indicates that his service was not covered under the CSRA. *Espiritu*, 114 M.S.P.R. 192, ¶ 8.

¶6      On review, the appellant argues that he is entitled to an annuity for his pre-October 1982 service because, pursuant to 5 C.F.R. § 831.303(a), a deposit for this service was waived and thus is deemed to have been made.   PFR File, Tab 1 at 1, 4-8.   The appellant further argues that because a deposit was allegedly

---

[3] The administrative judge appears to have relied upon the Standard Form 50 documenting the appellant's termination pursuant to the RIF, which reflects a tenure group status of "1-Permanent."   IAF, Tab 6 at 42; ID at 4.   However, an employee's tenure group status for purposes of determining his rights in a RIF is not determinative of the nature of his appointment or his eligibility for coverage under the CSRA.   *See De Jesus v. Office of Personnel Management*, 63 M.S.P.R. 586, 593 (1994), *aff'd*, 62 F.3d 1431 (Fed. Cir. 2009).

waived for his pre-October 1982 service, he had the option to either make a deposit for his post-October 1982 service pursuant to 5 U.S.C. § 8334(c), or take a reduced annuity in lieu of making such a deposit. *Id.* at 1, 5-6.

¶7        The appellant's arguments regarding 5 C.F.R. § 831.303(a) are unavailing. Section 831.303(a) applies to credit for service for purposes of computing "an annuity under subchapter III of chapter 83 of title 5," and the appellant does not qualify for such an annuity because he does not have any covered service. *See* 5 C.F.R. § 831.303(a). The regulation does not support the appellant's assertion that he is deemed to have made a deposit qualifying him for an annuity where he is otherwise ineligible for an annuity due to his lack of covered service. Further, the appellant does not satisfy the definition of "employee" in 5 C.F.R. § 831.112, which is applicable here because it sets forth eligibility to make a deposit to the Fund under 5 U.S.C. § 8334, and his attempt to argue that this definition does not apply to him is unpersuasive.[4] PFR File, Tab 1 at 8; *see Dela Rosa v. Office of Personnel Management*, 583 F.3d 762, 764-65 (Fed. Cir. 2009) (finding that, to be entitled to make a deposit under 5 U.S.C. § 8334, a former employee must meet the definition of an employee under 5 C.F.R. § 831.112(a)(2), which requires that the former employee already be covered by the CSRS); *Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 13 (2010) (finding that an appellant was not entitled to make a deposit

_____

[4] On review, the appellant argues that the Board lacks jurisdiction to adjudicate the issue of his eligibility to make a deposit for his service, because OPM did not address this issue in the reconsideration decision. PFR File, Tab 1 at 8. Generally, the Board has jurisdiction over retirement issues only once they have been the subject of an OPM reconsideration decision. *Kilpatrick v. Office of Personnel Management*, 94 M.S.P.R. 609, ¶ 8 (2003). However, where, as here, OPM fails to adjudicate all the claims and issues before it when it issues the reconsideration decision, the Board has jurisdiction to consider the nonadjudicated claims and issues and may remand the case for OPM to complete a full review of the matter. *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 4 (2013). Because the appellant made clear that his goal in making a deposit was to receive a CSRS annuity and OPM addressed the issue of his entitlement to a CSRS annuity, we need not remand the appeal. IAF, Tab 6 at 35.

under 5 C.F.R. § 831.112(a)(2) when he did serve in a position subject to CSRS retirement contributions). We therefore affirm the initial decision finding that the appellant is not entitled to an annuity, and is not eligible to make a deposit to the Fund.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.