NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CRESENCIO FONTILLA,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3013

---

Petition for review of the Merit Systems Protection Board in No. SF0831110050-I-1.

---

Decided: May 11, 2012

---

CRESENCIO FONTILLA, of Zambales, Philippines, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before RADER, *Chief Judge*, PLAGER and LINN, *Circuit Judges*.

PER CURIAM.

Cresencio Fontilla ("Fontilla") appeals from a final decision of the Merit Systems Protection Board ("Board") finding that he is not eligible to make a deposit into the Civil Service Retirement and Disability Fund ("Fund"). Because the Board's decision is in accordance with the law and is supported by substantial evidence, this court affirms.

## BACKGROUND

Fontilla held a series of excepted service appointments at the U.S. Navy Public Works Center, Subic Bay, Philippines from 1967 to 1986 when he was terminated based on his physical inability to perform his assigned tasks. During this employment, Fontilla's SF-50 forms—which are issued when personnel action is taken—designated his retirement status as either "none" or "other," and no deductions were ever withheld for the Civil Service Retirement System ("CSRS"). Fontilla applied for retirement under the CSRS in 2006, but the Office of Personnel Management ("OPM") denied his application because none of his positions were subject to the Civil Service Retirement Act ("Act").

Fontilla subsequently filed an Application to Make Deposit or Redeposit with OPM in 2007 and again in 2008, which OPM denied because he was not a current employee in a covered position. Fontilla then appealed to the Board, which issued its initial decision affirming OPM's decision on January 24, 2011. The Board denied Fontilla's petition for review on September 7, 2011, making the initial decision final. The Board found that Fontilla was not a current employee and was not a covered employee eligible to make a deposit. The Board also found that 5 C.F.R. § 831.201(a) precluded coverage of

Fontilla's non-permanent service under the Act. Furthermore, the Board found that Fontilla failed to show that his service was ever covered by the Act because his SF-50 forms never indicated that his positions were covered and no CSRS retirement contributions were ever withheld.

Fontilla timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

This court must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). Fontilla, as the applicant for retirement benefits, had "the burden of proving, by a preponderance of the evidence, [his] entitlement to the benefits." 5 C.F.R. § 1201.56(a)(2). A preponderance of the evidence is "the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." *Id.* § 1201.56(c)(2).

"To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the [Act]." *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007); 5 U.S.C. § 8333. Service under temporary or indefinite

appointments is excluded from coverage by the Act. *Quiocson*, 490 F.3d at 1360; 5 C.F.R. § 831.201(a).

Fontilla does not appear to dispute the facts on which the Board relied. There is also no disagreement that Fontilla's service was "creditable." The dispute is whether that creditable service, independent of whether it was covered service, provides Fontilla with rights under the Act.

Fontilla's main argument on appeal is that he is only required to have creditable service to make a contribution to the Fund. Based on 5 C.F.R. § 831.303(a), he argues that all creditable service, regardless of whether it was covered, is included to calculate a benefit under the Act. He argues that § 831.303(a) retroactively made all periods of federal employment before October 1, 1982 covered by the Act and creditable toward retirement. Fontilla asserts that when his position became covered by the Act, it was not subject to CSRS deductions, but it was subject to deposits under 5 U.S.C. § 8334(c). Moreover, he argues that 5 C.F.R. § 831.303(a) waived the deposit requirement for his service before October 1, 1982, and his rights under the Act attached when he left federal employment.

Fontilla also argues that the requirements of 5 C.F.R. § 831.112(a) do not apply to him because he is not a current employee, is not attempting to make a deposit under 5 U.S.C. § 8334(a), and seeks to make a deposit for service before October 1, 1982. He interprets 5 C.F.R. § 831.303(a)—addressing service before October 1, 1982— to control deposits under 5 U.S.C. § 8334(c), and 5 C.F.R. § 831.112(a) to control deposits under 5 U.S.C. § 8334(a). In the alternative, Fontilla argues that he met the requirements of 5 C.F.R. § 831.112(a).

The government argues that because Fontilla's service was not covered, he was not eligible to make a deposit. The government contends that 5 C.F.R. § 831.201(a) bars

temporary or indefinite employees from the CSRS, and no evidence indicates that Fontilla was covered by the Act. The government further contends that 5 C.F.R. § 831.303(a) does not convert creditable service into covered service, and asserts that individuals that are not covered cannot make a deposit under 5 U.S.C. § 8334(c).

The government's interpretation of the statutes and regulations is correct. An individual must be an "employee" as defined by 5 C.F.R. § 831.112(a) to make a deposit under any provision of 5 U.S.C. § 8334, meaning that the requirements of 5 C.F.R. § 831.112(a) are not limited by date and do not apply only to 5 U.S.C. § 8334(a). *See* 5 C.F.R. § 831.112(a) ("A person may make a deposit or redeposit under section 8334 of title 5, United States Code, if he or she is an 'employee.'"). Section 831.112(a) requires an employee to be either a current employee or a "former employee . . . who retains civil service retirement annuity rights." *Id.* An individual cannot *retain* rights if the individual never had the rights. *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). Because there is no indication in the record that Fontilla was ever covered by the Act, he had no rights to retain under it. Thus, he cannot be considered an employee under § 831.112(a), which is a precondition of any request to make a deposit. *See id.* Additionally, Fontilla's temporary or indefinite appointments were specifically excluded from CSRS coverage by 5 C.F.R. § 831.201(a). *See Quiocson*, 490 F.3d at 1360. Therefore, Fontilla is not eligible to make a deposit under 5 U.S.C. § 8334(c).

5 C.F.R. § 831.303(a) allows those *already covered* by the Act to include certain creditable service in calculating the annuity. There is nothing in the language of 5 C.F.R. § 831.303(a) to support the argument that it retroactively converted "creditable service" into "covered service" or changed who qualified for an annuity. Section 831.303(a)

does not supplant § 831.112 and cannot circumvent the covered service requirement of 5 U.S.C. § 8333(b). Because 5 C.F.R. § 831.303(a) is inapplicable to Fontilla, he cannot rely on it either to deem his creditable service to be covered service or to waive any deposit requirement.

This court has considered Fontilla's other arguments and concludes that they are without merit.

CONCLUSION

For the foregoing reasons, this court affirms the Board's decision.

**AFFIRMED**

COSTS

No costs.