# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CRESENCIO L. FONTILA,
        Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
SF-0831-15-0461-I-1

DATE: January 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rufus F. Nobles, I, Zambales, Philippines, for the appellant.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal on the basis of res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was employed by the Department of the Navy in Subic Bay, Philippines, on various dates during the period from November 29, 1967 to February 21, 1986. Initial Appeal File (IAF), Tab 5 at 36-44. His Standard Form 50s from this period of employment indicate his retirement plan as either 4 or 5 for "none" or "other," respectively. *Id.* Upon his termination based on his physical inability to perform the duties of his position, the appellant was entitled to 18 months of severance pay based on 18 years, 2 months, and 23 days of creditable service and a lump sum payment for his sick leave balance. *Id.* at 36.

¶3    On July 3, 2007 and October 6, 2008, the appellant applied to make a deposit through the Civil Service Retirement System (CSRS) for his prior service from July 1, 1968, to February 21, 1986. IAF, Tab 6 at 18, 21, 33. On August 12, 2009, the Office of Personnel Management (OPM) issued an initial decision denying the appellant's application to make a deposit for prior service. *Id.* at 35. After the appellant requested reconsideration of the initial decision, OPM issued a reconsideration decision determining that he was not eligible to

make a deposit. *Id*. at 33-34. He subsequently filed an appeal to the Board, and the administrative judge issued an initial decision affirming OPM's decision. *Fontilla v. Office of Personnel Management*, MSPB Docket No. SF-0831-11-0050-I-1, Initial Decision (0050 ID) at 2, 11 (Jan. 24, 2011)[2]; IAF, Tab 6 at 19, 28. The appellant filed a petition for review, which the Board denied in a final order. *Fontilla v. Office of Personnel Management*, MSPB Docket No. SF-0831-11-0050-I-1, Final Order at 2-3 (Sept. 7, 2011) (0050 Final Order); IAF, Tab 6 at 15-16. He sought further review from the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board's decision. *Fontilla v. Office of Personnel Management*, 482 F. App'x 563, 565 (Fed. Cir. 2012); IAF, Tab 6 at 10-11.

¶4    On April 12, 2013, the appellant applied for a deferred CSRS retirement annuity based on his service performed from November 29, 1967 to February 21, 1986. IAF, Tab 5 at 34-35. OPM denied his application on December 6, 2013, *id*. at 30, and the appellant requested reconsideration, *id*. at 14-23. On February 9, 2015, OPM issued a reconsideration decision affirming its denial. *Id*. at 10-12. The appellant subsequently filed this Board appeal challenging OPM's reconsideration decision, and he did not request a hearing. IAF, Tab 1. During the course of the appeal, OPM rescinded its December 6, 2013 initial decision and February 9, 2015 reconsideration decision under the doctrine of res judicata and moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6 at 4-5. The administrative judge issued an Order to Show Cause informing the appellant that she was considering taking jurisdiction over the appeal and dismissing it under the doctrine of res judicata. IAF, Tab 9 at 1. She ordered the appellant to show

---

[2] The initial decision and subsequent decisions on appeal use an incorrect spelling of the appellant's last name.

cause why the appeal should not be dismissed on this basis.[3]  *Id.* at 2.  Based on the written record, the administrative judge issued an initial decision finding that the Board has jurisdiction over the appeal and dismissing the appeal based on res judicata.  IAF, Tab 10, Initial Decision (ID) at 2, 4-5.

¶5      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition, PFR File, Tab 4, to which the appellant has replied, PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over this appeal.

¶6      In his petition for review, the appellant argues that the Board lacks jurisdiction over this appeal because OPM rescinded its initial and final decisions.  PFR File, Tab 5 at 1-2.  We disagree.

¶7      The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the CSRS only after OPM has issued a final decision, also known as a reconsideration decision.  5 U.S.C. § 8347(d); *Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007), *aff'd*, 287 F. App'x 864 (Fed. Cir. 2008); 5 C.F.R. § 831.110.  Once OPM completely rescinds a reconsideration decision, the Board no longer retains jurisdiction over the appeal in which that reconsideration decision is at issue.  *Morin*, 107 M.S.P.R. 534, ¶ 8.

¶8      However, as noted above, OPM rescinded its initial and reconsideration decisions on the grounds of res judicata in its motion to dismiss.  IAF, Tab 6 at 4-5.  Where, as here, it is apparent that OPM does not intend to issue a new reconsideration decision that addresses the merits of the appellant's deferred retirement application, the Board retains jurisdiction to adjudicate the merits and

---

[3] Although the administrative judge found that the appellant did not submit a response to her order, it appears that he may have done so, but his response was untimely.  IAF, Tab 9 at 2, Tab 10, Initial Decision at 3, Tab 12.

considers OPM's rescission pleading as the final appealable decision. *See Morin*, 107 M.S.P.R. 534, ¶ 9; *Luzi v. Office of Personnel Management*, 106 M.S.P.R. 160, ¶ 9 (2007). Thus, the Board has jurisdiction over this appeal.

The administrative judge correctly found that res judicata bars this appeal.

¶9        The administrative judge found that the appeal is barred by res judicata. ID at 4-5. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). The doctrine precludes the parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* For res judicata to bar a new claim, the new claim must be based on the same set of transactional facts as the earlier one. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 11 (2011); *see Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 1362-63 (Fed. Cir. 2000) (observing that "courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations'" (citations omitted)). Thus, the Board has held that a second appeal seeking to make a CSRS deposit was barred by a prior appeal seeking a CSRS annuity. *Encarnado*, 116 M.S.P.R. 301, ¶¶ 1, 3-4, 12.

¶10       The appellant argues on review that the prior and current appeals involve different issues. PFR File, Tab 1 at 1. Specifically, he alleges that the issue in the current appeal is his right to "waive" a deposit under 5 C.F.R. § 831.303(a) and receive a reduced annuity, whereas the issue in the prior appeal was his eligibility to make a deposit to obtain an annuity. *Id.* Although the appellant attempts to distinguish these issues, we nevertheless find that both appeals involve the same cause of action of his entitlement to CSRS annuity benefits. *See*

*Encarnado*, 116 M.S.P.R. 301, ¶¶ 1, 3-4, 12; *see also Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) (finding that an entitlement to a CSRS retirement annuity requires 5 years of creditable service, ending with at least 1 of the last 2 years in a position covered by the Civil Service Retirement Act); 5 U.S.C. § 8333(a)-(b). Section 831.303(a), on which the appellant relies, concerns the calculation of an employee's creditable service. It does not convert his noncovered service into covered service or remove the covered service requirement under 5 U.S.C. § 8333(b) for an employee's entitlement to a CSRS annuity. *Cf. Quiocson*, 490 F.3d at 1360 (finding that "[a] retroactive deposit does not convert a non-covered position into a covered position"). Although the appellant attempts to argue that he served in a covered position, the Board already determined in his prior appeal that he did not. 0050 Final Order at 2; 0050 ID at 7-9, 11; PFR File, Tab 1 at 3, 6-7; IAF, Tab 6 at 15, 24-26, 28. Thus, the dispositive issue—whether the appellant has covered service—has already been litigated.

¶11 Further, even if the appellant previously had not raised the issue of his entitlement to a reduced CSRS annuity under 5 C.F.R. § 831.303(a), he could have done so in the prior appeal. Accordingly, the causes of action in the prior and current appeals are the same because both involve the appellant's goal of receiving a CSRS retirement annuity. *See, e.g.*, *Encarnado*, 116 M.S.P.R. 301, ¶ 12.[4]

---

[4] The appellant argues that his current appeal concerns a different period of Federal service than his prior appeal. PFR File, Tab 1 at 1, 7; IAF, Tab 1 at 3. Regardless, we find that the two appeals are based on the same set of transactional facts. *See, e.g.*, *Woods v. U.S. Postal Service*, 188 F. App'x 1004, 1006-07 (Fed. Cir. 2006) (finding that a claim of removal in 1991 was barred by res judicata even though it was not the subject of the appellant's prior appeal because it was part of a series of events from 1989 to 1993 that she previously litigated); *see also Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011) (observing that the Board may rely on unpublished Federal Circuit decisions if it finds the court's reasoning persuasive). Both retirement appeals are based on his prior Federal service. IAF, Tab 5 at 34-35, Tab 6 at 18, 33; 0050 ID at 1.

¶12		Because the Board had jurisdiction to decide the prior appeal under 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110, the first criterion for res judicata is satisfied.  0050 ID at 1-2; IAF, Tab 6 at 18-19.  In addition, the second criterion for res judicata is also satisfied because the prior initial decision on the merits became final when the Federal Circuit affirmed the Board's final order, and the appellant did not seek further review.  *Fontilla*, 482 F. App'x at 565.  Finally, the third criterion is satisfied because, as explained above, the same cause of action and the same parties were involved in both cases.  *Supra* ¶ 10-11.  For these reasons, we agree with the administrative judge's finding that this appeal is barred by res judicata and we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.