# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERNESTO N. APIAG,
        Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBER
SF-0831-16-0465-I-1

DATE: July 22, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Tanisha Elliott Evans</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the reconsideration decision of the Office of Personnel Management (OPM) denying his application for a deferred retirement annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed by the Department of the Navy as a pipefitter in Subic Bay, Philippines, under a series of excepted-service appointments made during the period of June 1972 to June 1987. Initial Appeal File (IAF), Tab 4 at 20-28. From June 15, 1972, to February 11, 1976, his excepted-service appointments designated not-to-exceed (NTE) dates. *Id.* at 20, 22, 24-25. On February 12, 1976, the Navy converted the appellant's appointment to an excepted-service indefinite appointment, and he served continuously under this appointment until June 19, 1987, when he was terminated involuntarily. *Id.* at 27-28.

¶3      In October 2013, the appellant applied for a deferred retirement annuity under the Civil Service Retirement System (CSRS). *Id.* at 29-42. In December 2013, OPM issued an initial decision denying his application, and, in October 2014, the appellant requested reconsideration of the decision. *Id.* at 8−19. In April 2015, OPM issued a reconsideration decision that it

subsequently rescinded.  *Apiag v. Office of Personnel Management*, MSPB Docket No. SF-0831-15-0617-I-1, Initial Decision (Sept. 15, 2015).  On March 14, 2016, OPM issued a new reconsideration decision, which is now before the Board.  IAF, Tab 4 at 5-7.  OPM's March 14, 2016 reconsideration decision affirmed its initial decision denying the appellant's application, finding that, although the appellant's service was creditable, he was not eligible for civil service retirement benefits because his service was not subject to civil service retirement coverage.[2]  *Id.* at 5-6.  OPM also found that the appellant was not eligible to make a deposit to qualify for an annuity.  *Id.*

¶4      In May 2016, the appellant filed a Board appeal challenging OPM's March 14, 2016 reconsideration decision.  IAF, Tab 1.  He claimed that, under 5 C.F.R. § 831.303(a), two requirements for eligibility for an annuity did not apply to him.  In particular, the appellant asserted that he did not need to show that his service was covered under the Civil Service Retirement Act (CSRA). IAF, Tab 6 at 5, 9, 14‑19.  He also argued that, under this regulation, he was entitled to receive a reduced annuity without making a paid deposit based on his creditable service prior to October 1, 1982.  *Id.* at 17-19.  Based on the written record, the administrative judge issued an initial decision affirming OPM's reconsideration decision.   IAF, Tab 7, Initial Decision (ID) at 6.   The administrative judge found that the appellant served under a series of NTE appointments and an indefinite excepted appointment that were excluded from coverage under the CSRA, and no retirement deductions were ever taken from his pay, thus he did not serve in a position covered by the CSRA and was not eligible

---

[2] OPM's decision incorrectly stated that the appellant was not eligible for an annuity because he did not complete at least 5 years in a position subject to civil service retirement coverage.  IAF, Tab 4 at 5.  To qualify for a civil service retirement annuity, an employee must complete at least 5 years of creditable civilian service and must have served at least 1 of his last 2 years of Federal service in a covered position.  5 U.S.C. § 8333(a)-(b).  However, OPM's error was not harmful because the appellant had not served in a covered position for at least 1 of his last 2 years of Federal service and was not eligible for an annuity.  IAF, Tab 4 at 20-28.

for an annuity under the CSRS.  ID at 4-5.  The administrative judge further found that, because the appellant was not eligible for a CSRS annuity, the appellant was not entitled to make a deposit or receive a reduced annuity.  ID at 5-6.  He found the appellant's reliance on 5 C.F.R. § 831.303(a) to claim entitlement to a reduced annuity was misplaced because the regulation dictated the computation of an annuity for a class of individuals already covered by the CSRA and did not provide any separate entitlement to an annuity.  *Id.*

¶5    The appellant has filed a petition for review of the initial decision, which the agency has opposed.[3]  Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The appellant, as an applicant for retirement benefits, bears the burden of proving by preponderant evidence his entitlement to the benefits he seeks.  5 C.F.R. § 1201.56(b)(2)(ii).  In determining whether an individual is entitled to a retirement annuity under the CSRS, two types of service are pertinent: "creditable service" and "covered service."  *Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table).  Almost all Federal service is creditable service.  *Id.*  Covered service is more limited in scope and refers only to Federal employees who are "subject to" the CSRA, meaning that they must deposit part of their basic pay into the Civil Service Retirement and Disability Fund.  *Id.*  To qualify for a civil service

---

[3] The appellant's petition for review was postmarked 2 days after the deadline to file a petition for review; however, we have considered the petition for review timely filed for the following reasons.  Despite the petition's postmark date of September 1, 2016, the petition was dated August 26, 2016, and the appellant submitted a sworn statement stating that he mailed the petition on August 30, 2016.  PFR File, Tab 1 at 1, Tab 5 at 1-2.  Because the appellant has submitted an unrebutted sworn statement attesting that the petition was mailed on the filing deadline, we have considered the petition timely filed and have addressed its merits.  *See Raphel v. Department of the Army*, 50 M.S.P.R. 614, 618 (1991) (holding that a party may establish that his pleading was timely filed by presenting credible, unrebutted evidence in the form of an affidavit or sworn statement that, despite the postmark date, the pleading was actually placed in the Postal Service mail stream before the filing deadline).

retirement annuity, an employee must complete at least 5 years of creditable civilian service and must have served at least 1 of his last 2 years of Federal service in a covered position. *Id.* at 324; 5 U.S.C. § 8333(a)-(b).

¶7 Certain appointments are excluded from CSRS coverage, including temporary, intermittent, term, and indefinite appointments. 5 C.F.R. § 831.201(a)(1), (2), (6), (13), (14); *see Rosete v. Office of Personnel Management*, 48 F.3d 514, 519 (Fed. Cir. 1995) (upholding the regulatory exclusion of indefinite appointments from CSRS coverage); *De Jesus v. Office of Personnel Management*, 63 M.S.P.R. 586, 589, 592-93 (1994) (finding that, under 5 U.S.C. § 8347(g), OPM can exclude from CSRS coverage intermittent and temporary employees, the latter of which includes indefinite appointees), *aff'd*, 62 F.3d 1431 (Fed. Cir. 1995) (Table).

¶8 Here, the administrative judge properly found that the appellant's appointments were excluded from coverage under the CSRS and, thus, he was not entitled to an annuity. ID at 5-6. The appellant served in temporary and indefinite excepted-service appointments, which are excluded from CSRS coverage. IAF, Tab 4 at 20-28; *see* 5 C.F.R. § 831.201(a)(1), (13). He does not contend, and there is no evidence to suggest, that retirement deductions were withheld from his pay. IAF, Tab 4 at 20-28. The absence of deductions is an indication that an employee did not serve in a covered position. *Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). In addition, the appellant's Standard Form 50s (SF-50s) designated his retirement plan as "4" or "5," which stand for "none" or "other," respectively. IAF, Tab 4 at 20-28. The reference to "none" or "other" in an applicant's SF-50s also means that the individual was not employed in a covered position. *Espiritu v. Office of Personnel Management*, 114 M.S.P.R. 192, ¶ 8 (2010), *aff'd*, 431 F. App'x 897 (Fed. Cir. 2011). Therefore, the appellant's appointments were not covered service, and he is not eligible for a CSRS annuity.

¶9      On review, the appellant does not dispute that his service is excluded from CSRS coverage under 5 C.F.R. § 831.201(a); however, he maintains that 5 C.F.R. § 831.303(a) "lifted" such exclusions.  PFR File, Tab 1 at 4-5.  He argues that section 831.303(a) operated as a waiver of the deposit required to be eligible for a CSRS annuity for all current Federal employees at the time of the regulation's promulgation.  *Id.* at 2-4.  The appellant reasons that this waiver of the deposit created an automatic deposit that converted his creditable service prior to the regulation's promulgation into covered service, thus entitling him to an annuity.  *Id.* at 4-7.

¶10     We find unpersuasive the appellant's argument that the promulgation of 5 C.F.R. § 831.303(a) converted his creditable service—which is excluded from CSRS coverage under 5 C.F.R. § 831.201(a)—into covered service.  As set forth above, a certain amount of service in a covered position is a prerequisite to qualify for a CSRS annuity.  5 U.S.C. § 8333(b).  Under 5 C.F.R. § 831.201(a), certain categories of employees are specifically excluded from coverage.  The plain language of section 831.303(a) does not modify section 831.201(a) or otherwise change the categories of individuals who qualify for an annuity.  *Fontilla v. Office of Personnel Management*, 482 F. App'x 563, 565 (Fed. Cir. 2012).  Rather, section 831.303(a) allows those already covered by the CSRS to include certain creditable service in calculating an annuity.  *Id.* Section 831.303(a) is located in subpart C of part 831, which pertains to credit for service, rather than subpart B of part 831, which pertains to coverage.  There is no indication that section 831.303 was intended to modify or supplant section 831.201, which is located in subpart B.  Read together, section 831.201 excludes certain individuals from coverage, which renders section 831.303 inapplicable to individuals, such as the appellant, who are excluded from coverage.

¶11     The appellant's argument that 5 C.F.R. § 831.303(a) created a waiver of the deposit and an automatic deposit fails, not only because the plain language of the

regulation does not support such an interpretation, but also because he must first have covered service to be eligible for a deposit or waiver thereof. An individual must be an "employee" as defined by 5 C.F.R. § 831.112(a) to make a deposit. *Fontilla*, 482 F. App'x at 565. As defined in 5 C.F.R. § 831.112(a), an "employee" is either a current employee subject to the civil service retirement law or a former employee who retains civil service retirement annuity rights. *Rosimo v. Office of Personnel Management*, 448 F. App'x 60, 62 (Fed. Cir. 2011). It is undisputed that, when 5 C.F.R. § 831.303(a) was promulgated, the appellant was not serving and had not served in a position subject to the CSRA; accordingly, he was not an employee under 5 C.F.R. § 831.112(a) and would not have been eligible for any purported deposit without an expansion of covered service. IAF, Tab 4 at 20-28. Finally, it is well established that a deposit does not convert a noncovered position into a covered position. *Quiocson*, 490 F.3d at 1360.

¶12 Thus, there is no support for the proposition that 5 C.F.R. § 831.303(a) created an entitlement to coverage or a deposit under the CSRS for employees, such as the appellant, who are excluded from coverage under 5 C.F.R. § 831.201(a). We therefore affirm the initial decision finding that the appellant did not serve in a covered position and is not eligible for an annuity under the CSRS.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                                              _____
                                                              Jennifer Everling
                                                              Acting Clerk of the Board

Washington, D.C.